# 25-2623-cr

## United States Court of Appeals for the Second Circuit

UNITED STATES OF AMERICA,

*Appellee,*

-v.-

SEAN COMBS, AKA Puff Daddy,
AKA P. Diddy, AKA Diddy, AKA PD, AKA Love,

*Defendant-Appellant.*

*On Appeal from the United States District Court for the Southern District of New York*

**Amicus Brief for the National Association of Criminal Defense Lawyers in Support of Defendant-Appellant Sean Combs**

RICHARD D. WILLSTATTER
*Vice Chair, Amicus Curiae Committee*
NATIONAL ASSOCIATION OF
CRIMINAL DEFENSE LAWYERS
200 Mamaroneck Avenue, Suite 605
White Plains, New York 10601
(914) 948-5656

JOHN D. CLINE
*Attorney for Amicus NACDL*
600 Stewart Street, Suite 400
Seattle, WA 98101
(360) 320-6435

MARLO PFISTER CADEDDU
*Attorney for Amicus NACDL*
900 Jackson Street, Suite 650
Dallas, TX 75202
(214) 220-9000

## CORPORATE DISCLOSURE STATEMENT

Amicus curiae National Association of Criminal Defense Lawyers ("NACDL") submits the following corporate disclosure statement, as required by Fed. R. App. P. 26.1 and 29(c): NACDL is a nonprofit corporation organized under the laws of the District of Columbia. It has no parent corporation, and no publicly held corporation owns ten percent or more of its stock.

DATED: December 30, 2025

Respectfully submitted,

*/s/ John D. Cline*
John D. Cline

Attorney for Amicus Curiae
National Association of Criminal
Defense Lawyers

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT .................................................. C-1

TABLE OF AUTHORITIES ......................................................................... ii

INTEREST OF AMICUS CURIAE ..................................................................... 1

SUMMARY OF THE ARGUMENT ........................................................................ 2

ARGUMENT ................................................................................................. 4

I. THE ACQUITTED CONDUCT GUIDELINE PERMITS CONSIDERATION OF SUCH CONDUCT ONLY WHEN IT PROVES AN ELEMENT OF THE OFFENSE OF CONVICTION, NOT WHEN IT IS MERELY RELEVANT TO THAT OFFENSE. ............ 4

II. THE FIFTH AND SIXTH AMENDMENTS PROHIBIT CONSIDERATION OF ACQUITTED CONDUCT UNDER 18 U.S.C. §§ 3553(a) AND 3661 ........................................................ 7

CONCLUSION ........................................................................................... 14

# TABLE OF AUTHORITIES

## Cases

*Apprendi v. New Jersey*,
530 U.S. 466 (2000)....................4, 13

*Blakely v. Washington*,
542 U.S. 296 (2004)....................4, 13

*Custis v. United States*,
511 U.S. 485 (1994)....................8

*Jones v. United States*,
574 U.S. 948 (2014)....................10, 11

*McClinton v. United States*,
143 S. Ct. 2400 (2023)....................1, 9, 11

*Miller v. United States ex rel. Miller*,
110 F.4th 533 (2d Cir. 2024)....................5

*Osby v. United States*,
142 S. Ct. 97 (2021)....................1

*People v. Beck*,
939 N.W.2d 213 (Mich. 2019)....................13

*Pepper v. United States*,
562 U.S. 476 (2011)....................8

*SEC v. Rosenthal*,
650 F.3d 156 (2d Cir. 2011)....................6

*State v. Melvin*,
258 A.3d 1075 (N.J. 2021)....................13

*United States v. Al-Moayad*,
545 F.3d 139 (2d Cir. 2008)....................5

*United States v. Bell*,
808 F.3d 926 (D.C. Cir. 2015)....................11, 12

*United States v. Booker*,
543 U.S. 220 (2005) .......... 4, 13

*United States v. Burgos*,
276 F.3d 1284 (11th Cir. 2001) .......... 8

*United States v. Canania*,
532 F.3d 764 (8th Cir. 2008) .......... 10, 12

*United States v. Cruz-Ramos*,
987 F.3d 27 (1st Cir. 2021) .......... 6

*United States v. D'Oliveira*,
402 F.3d 130 (2d Cir. 2005) .......... 6

*United States v. Faust*,
456 F.3d 1342 (11th Cir. 2006) .......... 12

*United States v. Jones*,
531 F.3d 163 (2d Cir. 2008) .......... 8

*United States v. Mercado*,
474 F.3d 654 (9th Cir. 2007) .......... 12

*United States v. Quattrone*,
441 F.3d 153 (2d Cir. 2006) .......... 6

*United States v. Sabillon-Umana*,
772 F.3d 1328 (10th Cir. 2014) .......... 11

*United States v. Settles*,
530 F.3d 920 (D.C. Cir. 2008) .......... 11

*United States v. Vaughn*,
430 F.3d 518 (2d Cir. 2005) .......... 12

*United States v. Watts*,
519 U.S. 148 (1997) (per curiam) .......... 3, 11, 12, 13

*United States v. White*,
551 F.3d 381 (6th Cir. 2008) (en banc) .......... 12

*United States v. Wilson*,
503 U.S. 329 (1992) .......... 6

*Yeager v. United States*,
557 U.S. 110 (2009)....................................................................................9

## Constitution, Statutes, and Rules

U.S. Const. Amend. V ...........................................................2, 3, 7, 8, 13, 14

U.S. Const. Amend. VI .......................................................2, 3, 7, 8, 9, 13, 14

18 U.S.C. § 3553(a) ..................................................................2, 3, 7, 14

18 U.S.C. § 3661 ....................................................................2, 3, 7, 8, 14

U.S.S.G. § 1B1.3(c) .................................................................*passim*

Fed. R. App. P. 29 ....................................................................................2

## Other Authorities

Black's Law Dictionary (10th ed.)..................................................................5

James J. Bilsborrow, *Sentencing Acquitted Conduct to the Post-Booker Dustbin*, 49 Wm. & Mary L. Rev. 287 (2007) ........................................................................12

Hon. Nancy Gertner, *Circumventing Juries, Undermining Justice: Lessons from Criminal Trials and Sentencing*, 32 Suffolk U. L. Rev. 419 (1999) ..................12

Claire Murray, *Hard Cases Make Good Law: The Intellectual History of Prior Acquittal Sentencing*, 84 St. John's L. Rev. 1415 (2011) ...............................9, 12

Barry L. Johnson, *The Puzzling Persistence of Acquitted Conduct in Federal Sentencing, and What Can Be Done About It*, 49 Suffolk U. L. Rev. 1 (2016) ..12

NACDL, *The Trial Penalty: The Sixth Amendment Right to Trial on the Verge of Extinction and How to Save It* (2018).........................................................10

Eang Ngov, *Judicial Nullification of Juries: Use of Acquitted Conduct at Sentencing*, 76 Tenn. L. Rev. 235 (2009) ..................................................12

## INTEREST OF AMICUS CURIAE

Amicus Curiae National Association of Criminal Defense Lawyers ("NACDL") is a nonprofit voluntary professional bar association that works on behalf of criminal defense attorneys to ensure justice and due process for those accused of crime or misconduct.[1]

NACDL was founded in 1958. It has a nationwide membership of more than 12,000 and an affiliate membership of almost 40,000. NACDL's members include private criminal defense lawyers, public defenders, military counsel, law professors, and judges. NACDL is the only nationwide professional bar association for public defenders and private criminal defense lawyers. The American Bar Association recognizes NACDL as an affiliated organization and awards it full representation in its House of Delegates.

NACDL has long maintained that the Constitution prohibits consideration of acquitted conduct at sentencing. It has taken that position in amicus briefs before the federal courts, including, for example, in *McClinton v. United States*, 143 S. Ct. 2400 (2023), and *Osby v. United States*, 142 S. Ct. 97 (2021), and it has done so repeatedly in comments to the Sentencing Commission, most recently in connection

[1] Counsel for amicus state that no counsel for a party authored this brief in whole or in part; no party or party's counsel contributed money that was intended to fund preparing or submitting the brief; and no person other than amicus, its members, or its counsel made a monetary contribution to the preparation or submission of this brief.

with the 2024 acquitted conduct amendment to the Sentencing Guidelines, U.S.S.G. § 1B1.3(c).[2] NACDL has decided to submit an amicus brief in this case because the district court's erroneous interpretation of § 1B1.3(c) eviscerates the acquitted conduct amendment and because the court's reliance on acquitted conduct under 18 U.S.C. §§ 3553(a) and 3661 violates the Fifth Amendment right to due process and Sixth Amendment right to trial by jury.

In accordance with Fed. R. App. P. 29(a), amicus states that all parties have consented to the filing of this brief.

## SUMMARY OF THE ARGUMENT

The district court committed two critical errors of law in sentencing appellant Combs based on conduct--particularly coercion of his sexual partners--on which the jury had acquitted him.

1. The court misinterpreted the Sentencing Commission's 2024 acquitted conduct amendment, U.S.S.G.§ 1B1.3(c). That amendment excludes acquitted conduct from the determination of "relevant conduct" unless the acquitted conduct "establishes, in whole or in part, the instant offense of conviction." The district court interpreted the key term "establishes" as "a relevancy test." A-779. That is wrong for three principal reasons.

[2] Available at https://www.nacdl.org/getattachment/9d7cb66a-4466-4868-8c91-9e1eea2e5588/nacdl-comments-to-sentencing-commission-on-proposed-2024-amendments-02222024.pdf.

First, the court ignored the plain meaning of "establishes," which means to prove. That is a far more stringent standard than mere relevance. Second, the court overlooked that during the Sentencing Commission's consideration of the 2024 amendment, the Department of Justice advocated a relevancy standard. The Commission rejected that proposal in favor of the "establishes" requirement. And third, the district court's interpretation violates the rule that Guidelines, like statutes, must be construed to avoid absurd results. The court's substitution of "relevancy" for "establishes" effectively rewrote the amendment to state: "Acquitted conduct is only relevant conduct when it is relevant"--an absurd result if ever there was one.

2. The district court erred as well in holding that, regardless of § 1B1.3(c), it was free to consider the acquitted conduct under 18 U.S.C. §§ 3553(a) and 3661. A-780. As NACDL has long maintained, the Fifth Amendment Due Process Clause and the Sixth Amendment right to trial by jury prohibit the use of acquitted conduct to increase a defendant's sentence. A broad range of current and former Supreme Court Justices, federal appellate and district judges, scholars, and legal advocacy organizations from across the political spectrum agree.

The decision on which the continued prevalence of acquitted conduct sentencing hinges--*United States v. Watts*, 519 U.S. 148 (1997) (per curiam)--cannot support the weight the lower federal courts have assigned it. *Watts* "presented a very narrow question regarding the interaction of the Guidelines with the Double

Jeopardy Clause, and did not even have the benefit of full briefing or oral argument." *United States v. Booker*, 543 U.S. 220, 240 n.4 (2005). Confining *Watts* to its "very narrow" scope as a double jeopardy decision is especially appropriate because a broader reading would be so clearly out of step with the Supreme Court's more recent decisions emphasizing the Sixth Amendment right to a jury determination of important sentencing facts, including *Booker*, *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

## ARGUMENT

### I. THE ACQUITTED CONDUCT GUIDELINE PERMITS CONSIDERATION OF SUCH CONDUCT ONLY WHEN IT PROVES AN ELEMENT OF THE OFFENSE OF CONVICTION, NOT WHEN IT IS MERELY RELEVANT TO THAT OFFENSE.

During the Sentencing Commission's consideration of the 2024 acquitted conduct guideline, the Department of Justice advocated an exception that would permit courts to consider acquitted conduct that "*relates*, in whole or in part, to the instant offense of conviction."[3] The Commission rejected the government's proposed "relates to" standard. It adopted instead a far narrower exception, allowing consideration of acquitted conduct only if that conduct "*establishes*, in whole or in part, the instant offense of conviction." U.S.S.G. § 1B1.3(c) (emphasis added). But

[3] DOJ Letter to Sentencing Commission at 7 (emphasis added), available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/public-comment/202402/88FR89142_public-comment.pdf#page=47.

the district court in this case applied the very standard the Commission rejected; it held that it could consider acquitted conduct in calculating the Guidelines offense level if that conduct was *relevant to* the offense of conviction. A-779 ("As to what establishes in whole or in part means, it's best understood as a relevancy test."). That was an error of law that, if allowed to stand, will eviscerate § 1B1.3(c).[4]

Appellant's brief explains in detail why "establishes" cannot be interpreted to mean merely "relevant to." Brief for Defendant-Appellant at 27-33. We agree with that analysis. Three points stand out. First, the plain text of § 1B1.3(c) defeats the district court's interpretation. "Establish" means to make something "secure or settled"--in other words, to prove something. *Miller v. United States ex rel. Miller*, 110 F.4th 533, 545 (2d Cir. 2024) (quotation omitted); *see, e.g.,* Black's Law Dictionary (10th ed.) (meanings include "[t]o prove" and "[t]o settle, make, or fix firmly"). In the context of § 1B1.3(c), "establishes" means to prove an element of the offense of conviction.

"Relevance," by contrast, is a far broader and more elastic concept; as this Court has observed, Fed. R. Evid. 401 sets a "very low standard for relevance." *United States v. Al-Moayad*, 545 F.3d 139, 176 (2d Cir. 2008). Relevance only

[4] Combs makes a compelling argument that the district court erred even under the "relevance" standard. Brief for Defendant-Appellant at 33-34. Amicus agrees, but our central concern is the district court's erroneous interpretation of § 1B1.3(c), which would effectively negate the amendment, not only in Combs' case but in future cases as well.

requires the evidence "to move the inquiry forward to some degree." *United States v. Cruz-Ramos*, 987 F.3d 27, 42 (1st Cir. 2021) (quotation omitted); *see, e.g., United States v. Quattrone*, 441 F.3d 153, 188 (2d Cir. 2006) (evidence is relevant if it "affects the mix of material information").

Second, as noted, the Sentencing Commission considered and rejected the government's proposed "relates to" standard for use of acquitted conduct. The district court erred in substituting the government's preferred standard for the more stringent standard the Commission selected in its place.

Third, the district court's substitution of "is relevant to" for "establishes" violates the rule that courts must avoid absurd interpretations of statutes,[5] which applies equally to the Sentencing Guidelines. *See, e.g., United States v. D'Oliveira*, 402 F.3d 130, 132 (2d Cir. 2005). As its title reflects, § 1B1.3 addresses "relevant conduct"--that is, conduct not included in the elements of the offense of conviction that a court may nonetheless consider because it is relevant to that offense. The 2024 amendment excludes acquitted conduct from "relevant conduct," except for acquitted conduct that "establishes" the offense of conviction. U.S.S.G. § 1B1.3(c).

To substitute "is relevant to" for "establishes" would negate the amendment. Under the district court's "relevancy" standard, the amendment would say, in effect:

[5] *See, e.g., United States v. Wilson*, 503 U.S. 329, 334 (1992) ("[A]bsurd results are to be avoided."); *SEC v. Rosenthal*, 650 F.3d 156, 162 (2d Cir. 2011) (same).

"Relevant conduct does not include acquitted conduct unless such conduct is relevant to the instant offense of conviction." Or more succinctly: "Acquitted conduct is only relevant conduct when it is relevant." The Commission surely did not labor through years of hearings, public comment, and deliberations to produce such a circular and meaningless guideline. The "no absurd results" canon defeats the district court's interpretation.

A court may consider acquitted conduct in calculating the Guidelines only if that conduct "establishes" the offense of conviction; mere relevance does not suffice. If the Court does not vacate Combs' conviction, it should remand for resentencing under a correct interpretation of § 1B1.3(c).

## II. THE FIFTH AND SIXTH AMENDMENTS PROHIBIT CONSIDERATION OF ACQUITTED CONDUCT UNDER 18 U.S.C. §§ 3553(a) AND 3661.

The district court insisted that its misinterpretation of § 1B1.3(c) was "inconsequential" because, the court asserted, it was free to consider the acquitted conduct under 18 U.S.C. §§ 3553(a) and 3661. A-780. That too was error. The Fifth Amendment Due Process Clause, with its presumption of innocence and requirement of proof beyond a reasonable doubt, and the Sixth Amendment right to trial by jury prohibit *any* use of acquitted conduct to increase a defendant's sentence.

The district court relied on § 3661, which provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of

a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." A-780. But the Constitution necessarily limits the broad scope of § 3661. *See, e.g., Pepper v. United States*, 562 U.S. 476, 489 n.8 (2011) ("Of course, sentencing courts' discretion under § 3661 is subject to constitutional constraints."). For example, a court may not impose a harsher sentence based on a defendant's race, gender, or religion, or his exercise of Fifth Amendment rights, or on the basis of a prior conviction obtained in violation of the Sixth Amendment right to counsel, even though those are all aspects of the defendant's "background" or "conduct." *See, e.g., Custis v. United States*, 511 U.S. 485, 487, 496-97 (1994) (uncounseled conviction); *United States v. Jones*, 531 F.3d 163, 172 n.6 (2d Cir. 2008) ("invidious factors" may not be considered at sentencing) (citing *United States v. Kaba*, 480 F.3d 152, 156 (2d Cir. 2007)); *United States v. Burgos*, 276 F.3d 1284, 1288-89 (11th Cir. 2001) (refusal to cooperate).

The Constitution similarly prohibits consideration of acquitted conduct to increase a defendant's sentence. The Fifth Amendment due process guarantee and the Sixth Amendment right to trial by jury mean that an acquittal insulates a defendant from punishment based on the conduct the jury found the government had failed to prove--in this case, most notably, coercion.

The bar on using acquitted conduct to increase a defendant's sentence rests largely on the unique role of the jury in our criminal justice system. As Justice

Sotomayor explained, "Juries are democratic institutions called upon to represent the community as 'a bulwark between the State and the accused,' and their verdicts are the tools by which they do so." *McClinton v. United States*, 143 S. Ct. 2400, 2401 (2023) (Sotomayor, J., concurring in denial of certiorari) (quoting *Southern Union Co. v. United States*, 567 U.S. 343, 350 (2012)). This "helps explain why acquittals have long been accorded special weight, distinguishing them from conduct that was never charged and passed upon by a jury." *Id*. at 2402 (quotation and citations omitted); *see, e.g., Yeager v. United States*, 557 U.S. 110, 123 (2009) (jury acquittal's "finality is unassailable"). An acquitted defendant "has been set free or judicially discharged from an accusation; released from a charge or suspicion of guilt." *McClinton*, 143 S. Ct. at 2402 (Sotomayor, J., concurring in denial of certiorari) (quotation omitted; cleaned up). For a court to then punish the defendant as if the jury had found him guilty, as the district court did here, "raises questions about the public's perception that justice is being done, a concern that is vital to the legitimacy of the criminal justice system." *Id*. at 2402-03; *see, e.g.,* Claire Murray, *Hard Cases Make Good Law: The Intellectual History of Prior Acquittal Sentencing*, 84 St. John's L. Rev. 1415, 1463 (2010) (use of acquitted conduct to increase a sentence "undermines the claim of the criminal justice system to be doing justice, and thus its broader legitimacy").

Punishing a defendant for acquitted conduct undermines the Sixth Amendment right to trial by jury in other respects as well. It diminishes the importance of jury service, leaving jurors to wonder if their careful sifting of the charges and the evidence is a waste of time. *See, e.g., United States v. Canania*, 532 F.3d 764, 778 n.4 (8th Cir. 2008) (Bright, J., concurring) (quoting letter from juror objecting to sentencing for acquitted conduct). And it deters defendants from exercising their right to a jury trial, because a partial acquittal, even on the core of the government's case, does no good; unless a defendant obtains an acquittal on every count--unless he pitches a no-hitter--he may well find himself (as Combs does) punished as if he had been convicted on all counts. Acquitted conduct sentencing thus contributes to the "trial penalty" and the resulting decline in jury trials in favor of plea bargains.[6]

Justice Sotomayor is not alone in doubting the constitutionality of punishing the defendant for conduct on which the jury acquitted him. Justices Scalia,[7]

[6] *E.g.*, NACDL, *The Trial Penalty: The Sixth Amendment Right to Trial on the Verge of Extinction and How to Save It*, at 12, 23, 34, 59 (2018) (noting how acquitted conduct sentencing discourages defendants from exercising their right to trial), available at https://nacdl.org/TrialPenaltyReport.

[7] *See, e.g., Jones v. United States*, 574 U.S. 948, 949-50 (2014) (Scalia, J., joined by Thomas and Ginsburg, JJ., dissenting from denial of certiorari).

Thomas,[8] Ginsburg,[9] Stevens,[10] Kennedy,[11] Gorsuch,[12] Barrett,[13] and Kavanaugh[14] have all expressed concerns about, or at least acknowledged the constitutional significance of, sentences based on acquitted conduct. Judges from the federal

[8] *Id.*

[9] *Id*.

[10] *United States v. Watts*, 519 U.S. 148, 169-70 (1997) (per curiam) (Stevens, J., dissenting).

[11] *Id.* at 170 (Kennedy, J., dissenting).

[12] *E.g.*, *McClinton*, 143 S. Ct. at 2403 (Gorsuch, J., concurring in denial of certiorari); *United States v. Sabillon-Umana*, 772 F.3d 1328, 1331 (10th Cir. 2014).

[13] *McClinton*, 143 S. Ct. at 2403 (Barrett, J., concurring in denial of certiorari).

[14] *E.g.*, *id.* (Kavanaugh, J., joined by Gorsuch and Barrett, JJ., concurring in denial of certiorari); *United States v. Bell*, 808 F.3d 926, 927-28 (D.C. Cir. 2015) (Kavanaugh, J., concurring in denial of rehearing); *United States v. Settles*, 530 F.3d 920, 924 (D.C. Cir. 2008).

courts of appeals have done likewise,[15] as have scholars[16] and organizations from across the political spectrum.[17]

Against this tidal wave of opposition to acquitted conduct sentencing stands *United States v. Watts*, 519 U.S. 148 (1997) (per curiam), which the courts of appeals generally find to have established the constitutionality of acquitted conduct sentencing. *See, e.g., United States v. Vaughn*, 430 F.3d 518, 525-27 (2d Cir. 2005). But *Watts* does not support the weight the lower courts have placed on it. The Supreme Court itself has downplayed the case's significance. According to the Court, *Watts* "presented a very narrow question regarding the interaction of the

[15] *E.g.*, *United States v. Bell*, 808 F.3d 926, 929-30 (D.C. Cir. 2015) (Millett, J., concurring in denial of rehearing); *United States v. White*, 551 F.3d 381, 386-97 (6th Cir. 2008) (en banc) (Merritt, J., dissenting); *United States v. Canania*, 532 F.3d 764, 776-78 (8th Cir. 2008) (Bright, J., concurring); *United States v. Mercado*, 474 F.3d 654, 658-65 (9th Cir. 2007) (B. Fletcher, J., dissenting); *United States v. Faust*, 456 F.3d 1342, 1349-53 (11th Cir. 2006) (Barkett, J., specially concurring).

[16] *E.g.*, Murray, *supra*; Eang Ngov, *Judicial Nullification of Juries: Use of Acquitted Conduct at Sentencing*, 76 Tenn. L. Rev. 235 (2009); Hon. Nancy Gertner, *Circumventing Juries, Undermining Justice: Lessons from Criminal Trials and Sentencing*, 32 Suffolk U. L. Rev. 419, 422, 432-34 (1999); James J. Bilsborrow, *Sentencing Acquitted Conduct to the Post-Booker Dustbin*, 49 Wm. & Mary L. Rev. 289 (2007); Barry L. Johnson, *The Puzzling Persistence of Acquitted Conduct in Federal Sentencing, and What Can Be Done About It*, 49 Suffolk U. L. Rev. 1 (2016).

[17] For example, organizations and groups as diverse as NACDL, Federal Defenders, Families Against Mandatory Minimums, the Due Process Institute, the Cato Institute, the Americans for Prosperity Foundation, Dream Corps Justice, Niskanen Center, Right on Crime, the R Street Institute, the Sentencing Project, and a number of retired federal judges filed amicus briefs in *McClinton* urging an end to acquitted conduct sentencing.

Guidelines with the Double Jeopardy Clause, and did not even have the benefit of full briefing or oral argument." *United States v. Booker*, 543 U.S. 220, 240 n.4 (2005). The *Watts* Court did not consider or address whether acquitted conduct sentencing violates due process and the right to a jury trial. *See, e.g., id*. at 240 (in *Watts* there was no "contention that the sentencing enhancement had exceeded the sentence authorized by the jury verdict in violation of the Sixth Amendment"; the Sixth Amendment issue "simply was not presented"); *People v. Beck*, 939 N.W.2d 213, 224 (Mich. 2019) (finding *Watts* "unhelpful" in deciding whether acquitted conduct sentencing violates due process, because "*Watts* addressed only a double-jeopardy challenge"); *State v. Melvin*, 258 A.3d 1075, 1090 (N.J. 2021) (*Watts* does not control due process question, because "[a]s clarified in *Booker*, *Watts* was cabined specifically to the question of whether the practice of using acquitted conduct at sentencing was inconsistent with double jeopardy").

Nor should *Watts* be extended to cover those constitutional questions, because such a reading of the case would be so plainly out of step with the Supreme Court's later decisions concerning the right to a jury determination of facts important to sentencing, including *Booker*, *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). If the Fifth and Sixth Amendments require a jury finding of facts important to the sentencing decision, as *Booker*, *Blakely*, and *Apprendi* establish, they surely prohibit increasing a defendant's

sentence based on conduct the jury found the government failed to prove. Because that is what happened here, Combs must be resentenced.

## CONCLUSION

The district court's reliance on acquitted conduct to increase Combs' sentence eviscerates the 2024 acquitted conduct amendment and violates his Fifth and Sixth Amendment rights. If this Court declines to reverse the conviction, it should remand for resentencing without consideration of acquitted conduct, either under the Guidelines or under 18 U.S.C. §§ 3553(a) and 3661.

DATED: December 30, 2025

Respectfully submitted,

*/s/ John D. Cline*
John D. Cline
Marlo Pfister Cadeddu
Attorneys for Amicus Curiae
NATIONAL ASSOCIATION OF
CRIMINAL DEFENSE LAWYERS

Richard D. Willstatter
*Vice Chair, Amicus Curiae Committee*
NATIONAL ASSOCIATION OF
CRIMINAL DEFENSE LAWYERS

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing brief is proportionately spaced, has a typeface of 14 points, and contains 3148 words.

*/s/ John D. Cline*
John D. Cline
Attorney for Amicus Curiae
NATIONAL ASSOCIATION OF CRIMINAL DEFENSE LAWYERS

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of December, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Second Circuit by using the ACMS system.

I certify that all participants in the case are registered users and that service will be accomplished by the ACMS system.

*/s/ John D. Cline*
John D. Cline